**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3969-17T4

IN THE MATTER OF
LAKEWOOD TOWNSHIP
FIRE DISTRICT #1 (LOCAL
FINANCE BOARD, DEPARTMENT
OF COMMUNITY AFFAIRS).

_____

Argued January 16, 2019 – Decided January 31, 2019

Before Judges Nugent and Mawla.

On appeal from the New Jersey Department of Community Affairs.

Larry S. Loigman argued the cause for appellants Concerned Citizens for Fire Protection and Larry S. Loigman.

Harold N. Hensel argued the cause for respondent Township of Lakewood (Secare Law Firm, attorneys; Harold N. Hensel, on the brief).

Jay C. Sendzik argued the cause for respondent Lakewood Township Fire District No. 1 (Sendzik & Sendzik, PC, attorneys; Jay C. Sendzik, on the brief).

Steven M. Gleeson, Deputy Attorney General, argued the cause for respondent New Jersey Department of Community Affairs, Division of Local Government

Services, Local Finance Board (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Steven M. Gleeson, on the brief).

PER CURIAM

Appellants Concerned Citizens for Fire Protection and Larry S. Loigman, Esq., appeal from a April 11, 2018 final decision by the Local Finance Board (LFB) of the Department of Local Government Services (DLGS), affirming the certification of the annual budget proposed by the Board of Commissioners of the Lakewood Township Fire District #1 (Board). We affirm.

The following facts are taken from the record. On November 20, 2017, the Board issued a notice of a special meeting, scheduled for December 5, 2017, which was transmitted to the Township's municipal clerk and the Asbury Park Press. The latter published the notice on November 24, 2017. The notice was also posted on the Lakewood Township district website and at several public locations within the Township, namely, the municipal building, the office of the Board, the Ocean County Public Library–Lakewood Branch, the Department of Public Works, and the Municipal Utilities Authority.

The special meeting was to provide legal voters[1] information regarding the Board's plan to include a number of capital projects in the fire district's annual budget for the 2018 fiscal year, specifically, acquisition of a quint fire apparatus, a brush truck, a vehicle for the fire chief, and lighting upgrades. The December meeting occurred as scheduled, and pursuant to a vote, the Board's proposed resolution for the capital projects passed.

At a separate meeting on December 11, 2017, the Board's entire proposed 2018 budget, including the previously approved capital projects, was voted upon and approved. The budget was forwarded to the DLGS for certification on January 3, 2018. On January 8, 2018, the Board held another public meeting and adopted the annual budget, subject to affirmation by the legal voters in an annual election scheduled in February 2018. The adopted budget was reviewed and certified by the DLGS on January 24, 2018.

The annual election was held on February 17, 2018. The voters defeated the budget. The Board forwarded the defeated budget to the Township for further review and action. On March 2, 2018, the Township provided notice of a public meeting to occur on March 8, 2018, at 7:30 p.m., for a vote on the

---

[1] "Legal voters" is a term of art meaning "persons entitled to vote, and who do vote, at the time and in the manner prescribed in and by such statute upon the public question submitted[.]" N.J.S.A. 19:3-6.

A-3969-17T4

defeated budget. Notice of this meeting was published in The Star Ledger and the Asbury Park Press. Notice was also posted on a bulletin board at the municipal building, the Township website, and with the municipal clerk. At the March 8, 2018 public meeting, following a vote, the Township passed a resolution approving the defeated budget. On April 5, 2018, the director of the DLGS certified the budget.

Loigman contested the adoption of the budget. Specifically, he challenged the legality of the December 5, 2017 special meeting and the March 8, 2018 meeting, where the Township approved the budget by resolution. On April 11, 2018, the LFB held a public meeting where it considered written submissions and testimony from Loigman, Township counsel, and Board counsel. The LFB determined both the special meeting and the subsequent resolution proceedings met the statutory requirements, protocol, and procedures for a public hearing, and affirmed the DLGS director's decision. This appeal followed.

I.

Our scope of review of an administrative agency action is limited and highly deferential. If the agency decision is supported by sufficient credible evidence in the record and was not "arbitrary, capricious, or unreasonable," it will be affirmed. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing In

re Warren, 117 N.J. 295, 296 (1989)).  In making our determination, we must examine: "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion."  Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (2013) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).

Appellants argue the vote held at the December 5, 2017 special meeting was invalid because the Board failed to provide mail-in ballots to absent legal voters.  They contend the Board did not engage in a review of the director's decision, did not make findings of fact and conclusions of law, and simply endorsed the budget.  Appellants also argue the Township's passage of the resolution approving the Board's proposed budget was invalid because notice of a public hearing was not provided.  We address these arguments in turn.

A.

Appellants assert the notice of the December 2017 meeting was invalid because no mail-in ballots were provided as required by the Vote By Mail Law, N.J.S.A. 19:63-1 to -28.  We disagree.

A statute is construed in accordance with its plain meaning. DiProspero v. Penn, 183 N.J. 477, 492-93 (2005). "A court should not 'resort to extrinsic interpretative aids' when 'the statutory language is clear and unambiguous, and susceptible to only one interpretation[.]'" Id. at 492 (quoting Lozano v. Frank DeLuca Const., 178 N.J. 513, 522 (2004)).

A reading of the plain language of The Vote By Mail Law demonstrates it applies to elections, not special meetings. The statute states a qualified voter shall be entitled to vote using a mail-in ballot "in any single election held in this State." N.J.S.A. 19:63-3(a)(2). An election is defined according to the definitions provided in Title 19. See N.J.S.A. 19:63-2. Title 19 defines a "[f]ire district election" as "an election to be held in and for a fire district established pursuant to [N.J.S.A. 40A:14-70 to -105.1]." N.J.S.A. 19:1-1.

The December 5, 2017 vote during the special meeting was not an election. Indeed, the "elections" referred to in N.J.S.A. 40A:14-70 to -105.1 pertain to the general elections for board member candidates of fire districts or public questions related to a fire district's functions. See N.J.S.A. 40A:14-72(a). Pursuant to the statute, these elections are held annually at set times, namely, on the third Saturday of February, the first Tuesday after the first Monday in

6

November, or another annual date decided upon by a newly created fire district. Ibid.

Notwithstanding, the record reflects there was adequate notice for the budget vote. Notice, instructions, and an application were provided to voters seeking a mail-in ballot in order to vote on the Board's proposed budget.

Furthermore, N.J.S.A. 40A:14-84 sets forth the procedural requirements for special budgetary meetings for fire districts. The statute provides:

> The legal voters, at the annual meeting or at a special meeting called by the commissioners of the fire district, may vote to raise money for a firehouse, apparatus and appliances in connection therewith for fire extinguishing purposes, in an amount not exceeding [five] mills on the dollar of the last assessed valuation of the property in the fire district. . . .
>
> Any such special meeting shall be called on [ten] days' notice by the board of fire commissioners, to be posted in five public places in the district, setting forth the time, place and object of the meeting and the legal voters shall determine the amount of money to be raised.[2]

Here, again, the record reflects ten days' notice of the special meeting was provided. Also, as we noted, notice was published in the Asbury Park Press and

---

[2] This was the statutory language applicable at the time of the parties' dispute. It has since been amended, effective January 1, 2019. However, the amended statute has no bearing on this appeal.

posted in five public places within Lakewood Township. The notice stated the time, place, and purpose of the special meeting, including the proposed capital projects and the specific cost of each project. The LFB reviewed the notices and evidence of their publication when it affirmed the director's decision to certify the Board's proposed budget. The LFB's finding that notice of the special meeting met the statutory requirements of N.J.S.A. 40A:14-84 was supported by sufficient credible evidence, and were neither arbitrary, capricious, or unreasonable, nor reflective of a rubber stamp of the director's decision.

B.

Likewise, we reject appellant's argument the Township's budget approval should be invalidated due to the failure to advertise and conduct a public hearing, as required by N.J.S.A. 40A:14-78.5(b). Appellants contend notice was inadequate because it did not use the specific wording of "public hearing" when it was published in The Star Ledger and the Asbury Park Press.

N.J.S.A. 40A:14-78.5(b) provides:

> If at the annual election the question of finally adopting the budget is voted negatively upon by a majority of the legal voters voting in the election, the governing body of the municipality in which the fire district is located shall, by resolution of a majority of its full membership, within [thirty] days after the annual election and after a public hearing for which the legal voters of the fire district shall be given [five] days'

A-3969-17T4

advertised notice, and at which any interested person shall be heard, fix an annual budget for the fire district. The amount of each appropriation section of the budget so fixed shall not exceed the amount for each as previously voted upon at the annual election, except the appropriation for debt service which shall be included in the amount that is required to be paid.[3]

Here, the Township issued notice, which read as follows:

Please take notice that [the Township] will be voting on the 2018 Lakewood Fire budget at the next regularly scheduled Township Committee Meeting on Thursday, March 8, 2018 at 7:30 [p.m.] located in the Lakewood Municipal Building, Auditorium, 231 Third Street, Lakewood, New Jersey 08701. Please be advised formal action will be taken at this meeting.

The record reflects the meeting was public, as residents appeared and testified regarding the proposed budget. The meeting was held within thirty days of the budget's defeat and a detailed advertised notice was provided on five days' notice of the meeting. Although the word "hearing" was not used, our review of the record does not persuade us the plainly worded description of the meeting failed to inform legal voters the meeting was open to public participation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] This was the statutory language applicable at the time of the parties' dispute. This statute has also been amended, effective January 1, 2019. However, the amended statute has no bearing on this appeal.